# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 12-10226-01-EFM

MARK D. BRULL,

    *Defendant.*

## MEMORANDUM AND ORDER

This case comes before the Court on Defendant Mark D. Brull's Motion to Dismiss (Doc. 28), Motion in Limine (Doc. 25), and Motion for Disclosure of Government's Intent to File Rule 404(b) Evidence (Doc. 26). For the reasons stated herein, the Court grants Defendant's Motion in Limine and denies Defendant's remaining motions.

### I. Factual Background

At all times relevant to this case, Defendant was under the confined supervision of the Sexual Predator Treatment Program unit at Larned State Hospital. Defendant was civilly committed to that institution over twelve years ago because he met the statutory definition of a

sexually violent predator under Kansas law.[1] Defendant is now charged with violations of 18 U.S.C. §§ 2251 and 2252 for soliciting or enticing a minor to engage in sexually explicit conduct and for receiving sexually explicit images from the same individual. More specifically, Defendant is accused of having several sexually-explicit telephone conversations with a 14-year-old male, which culminated in the minor sending Defendant nude photographs of himself and of another minor boy.

## II.     Analysis

### A. Motion to Dismiss

In his Motion to Dismiss (Doc. 28), Defendant argues that the prosecution and potential punishment in this case violate the Eighth and Fourteenth Amendments to the United States Constitution. First, Defendant asserts that the minimum sentence prescribed for the alleged offenses is unconstitutionally disproportionate to the crimes in violation of the Eighth Amendment. However, "[t]he Eighth Amendment's proscription against cruel and unusual punishment is only applicable following a determination of guilt after a trial or plea."[2] Because Defendant has not yet stood trial or entered a plea, his pre-conviction challenge under the Eighth Amendment is not yet ripe.

Second, Defendant asserts that because he was committed and confined as a known sexual predator, his alleged wrongdoing was foreseeable and should have been expected. Therefore, Defendant argues that the mental health facility ultimately bears responsibility for his alleged wrongdoing by failing to provide sufficient security measures to prevent Defendant from

---

[1] Under K.S.A. § 59-29a02(a), a sexually violent predator is a "person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence."

[2] *Sauceda v. Dailey*, 1998 WL 99505, *2 (D. Kan. Feb. 2, 1998) (denying a defendant's motion to dismiss by holding that an Eighth Amendment challenge was not ripe).

acting on his predatory instincts. According to Defendant, the government violates the due process clause of the Fourteenth Amendment by prosecuting a known sexual predator when security failures allow him to indulge the unlawful proclivities that he was confined to prevent.

The Court disagrees. The Constitution does not prohibit the prosecution of individuals simply because they were confined or incarcerated at the time of the crime.[3] This is true even when the crime was made possible by a breach in the security of a government institution.[4] Additionally, the Court is not persuaded that the occurrence of the alleged misconduct independently demonstrates any objective failure in treatment. It is clear from the parties' submissions that the mental hospital did not openly permit Defendant to communicate with minor children, but rather, that Defendant took numerous steps to circumvent the security measures in place. Accordingly, the Court finds that criminal prosecution in this case does not violate Defendant's rights to due process.[5]

**B. Motion in Limine**

In his Motion in Limine (Doc. 25), Defendant requests that the Court exclude two types of evidence from trial. First Defendant seeks to exclude any statement or remark indicating that Defendant has a prior criminal record. In its Response (Doc. 34), the government indicated that it does not intend to introduce evidence of Defendant's prior criminal record in its case in chief. Accordingly, the Court grants the first portion of Defendant's motion to exclude statements and evidence of prior crimes.

---

[3] *See United States v. Coppola*, 526 F.2d 764, 766 (10th Cir. 1975) (convicting prisoners for murder committed during incarceration).

[4] *See Terry v. Jones*, 259 Fed. App'x 85, 87 (10th Cir. 2007) (upholding prisoner discipline for possession of narcotics obtained during incarceration).

[5] This Memorandum and Order is limited to the issues presented in this criminal matter. The Court need not reach any claim or right to due process that Defendant could assert in a civil action.

Second, Defendant asks the Court to exclude as unfairly prejudicial any statement or remark that Defendant was civilly committed to the Larned State Hospital as a sexually violent predator. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[6] During oral argument on this motion, the parties indicated an intention to stipulate that Defendant was civilly committed to Larned State Hospital with restricted access to telephone and internet communications at the time of the alleged misconduct. However, Defendant argues that he would suffer undue prejudice if the government introduced evidence that his commitment and restrictions resulted from his confinement in the Sexual Predator Treatment Program unit. The Court agrees. With the understanding that the parties will stipulate to Defendant's location and restrictions in communication, the Court grants the second request in Defendant's motion in limine.

### C. Motion for Disclosure of Government's Intent to File Rule 404(b) Evidence

Finally, Defendant requests an order requiring the government to disclose its intent to use any evidence of other crimes, wrongs, or bad acts pursuant to Federal Rule of Evidence 404(b). In its Response to Defendant's Motion (Doc. 33), the government indicated that it does not intend to introduce any evidence of Defendant's prior crimes in its case in chief. Accordingly, the Court denies Defendant's motion as moot.

---

[6] Fed. R. Evid. 403.

**IT IS ACCORDINGLY ORDERED** that Defendant's Motions to Dismiss (Doc. 28) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine (Doc. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Motion for Disclosure of Government's Intent to File Rule 404(b) Evidence (Doc. 26) is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated this 22nd day of February, 2013.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE