IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* vs. MARK D. BRULL, *Defendant.* | Case No. 12-CR-10226-01-EFM |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Mark D. Brull's Motion to Terminate Supervised Release pursuant to 18 U.S.C. § 3583(e) (Doc. 116). Defendant, proceeding pro se, filed the motion on February 13, 2023. The government and the United States Probation Office ("USPO") oppose the motion.

In 2012, Defendant was charged with one count of attempting to unlawfully persuade, induce, and entice a minor to engage in sexually explicit conduct while he was registered as a sex offender, in violation of 18 U.S.C. §§ 2251(a) and 2260A. He was also charged with one count of knowingly and intentionally receiving and distributing visual depictions of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). He pleaded guilty in 2013, and he was sentenced to 120 months' imprisonment and three years supervised release.

Defendant is currently under civil commitment as a sexually violent predator at Larned State Hospital pursuant to K.S.A. § 59-29a01. He has been on post-release supervision since April 29, 2021, and he has approximately 14 months left. Defendant seeks early termination of his supervised release.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a previously imposed term of supervised release after the defendant completes one year of it. It is within the Court's discretion whether to grant a motion to terminate supervised release.[1] In considering a request for early termination, § 3583(e)(1) directs the Court to weigh the factors set forth in § 3553(a) to the extent that they are applicable.[2] The Court may grant such a motion if it is satisfied that early termination is warranted by the conduct of the defendant, and it is in the interests of justice.[3]

Here, the Court finds that termination of supervised release does not comport with the interest of justice. Specifically, § 3553(a)(1) directs the Court to consider the "nature and circumstances of the offense" and the "characteristics of the defendant." The circumstances surrounding Defendant's offenses involve him unlawfully persuading a minor to engage in sexually explicit conduct while he was registered as a sex offender and knowingly receiving child pornography. In fact, Defendant committed these offenses while already committed at Larned State Hospital. Furthermore, it does not appear that Defendant has successfully participated in his mental health treatment program and/or sex offender treatment program. Thus, the Court finds that in the interest of justice, Defendant should serve the remainder of his supervised release term.

---

[1] *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (citing 18 U.S.C. § 3583(e)(1)).

[2] 18 U.S.C. § 3583(e)(1).

[3] *Id.*

**IT IS THEREFORE ORDERED** that Defendant's Motion to Terminate Supervised Release Pursuant to 18 U.S.C. § 3583(e) (Doc. 116) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2023.

                                        ERIC F. MELGREN
                                        CHIEF UNITED STATES DISTRICT JUDGE