## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        *Plaintiff,*

vs.

    Case No. 12-CR-10226-01-EFM

MARK D. BRULL,

        *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is pro se Defendant Mark D. Brull's Motion for Reconsideration and Motion to Correct Inaccurate Information in Prior Memorandum and Order (Doc. 123). The Court previously denied Defendant's Motion to Terminate Supervised Release.[1] In this Order, the Court found that the termination of supervised release did not comport with the interest of justice due to the circumstances surrounding Defendant's criminal offenses. In addition, the Court found that Defendant had not successfully participated in his mental health treatment program and his sex offender treatment program.

---

[1] Doc. 120.

Although the Federal Rules of Criminal Procedure do not specifically provide for motions to reconsider, the Tenth Circuit allows them.[2]   The standards governing them are the same standards that govern civil motions for reconsideration.[3]   The Court can alter its judgment "where the court has misapprehended the facts, a party's position, or the law."[4]   A motion for reconsider allows the Court to correct clear errors of law or fact or to review newly discovered evidence.[5]

Defendant does not identify any valid reason for the Court to reconsider or amend its prior decision and judgment.   Defendant simply takes issue with the Order.   He first believes it contains misleading statements as to the crimes to which he pleaded guilty.   Defendant claims that the Court stated that he pleaded guilty to violations of 18 U.S.C. §§ 2251(a), 2252(a)(2), and 2260A, but he did not do so.   The Court did not state that he pleaded to these charges but that he was charged with them.   The Court, however, will make clear in this Order that Defendant pleaded guilty to aiding and abetting in the transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470.

Defendant also contends that contrary to the Court's statement that Defendant had not successfully participated in his mental health treatment program and sex offender program, he is making progress in the program.   He also asserts that the program "is a complete and total sham." Regardless of whether Defendant is progressing or not, he has not successfully completed the program and continued supervision appears necessary.

Finally, Defendant complains about the voluntariness of his 2013 plea and the accuracy of the underlying factual circumstances of his 2013 plea.   These issues are not appropriate to raise in

---

[2] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

[3] *Id.*

[4] *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[5] *Id.*

this motion to reconsider.[6]  In sum, Defendant fails to identify to the Court an appropriate reason to reconsider its prior decision.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration and Motion to Correct Inaccurate Information in Prior Memorandum and Order (Doc. 123) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 5th day of July, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] In 2013, Defendant filed a motion to withdraw his plea, and the Court denied this motion.  A motion for reconsideration is not the appropriate vehicle for revisiting issues already considered.  *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).